**Gerald J. RACHELSON**

v.

**SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES.**

**Civ. No. L–91–3726.**

United States District Court, D. Maryland.

Sept. 30, 1993.

880

Gerald J. Rachelson, pro se.

Lynne A. Battaglia, U.S. Atty., and Jeanette Plante, Asst. U.S. Atty., Baltimore, MD, and Eileen M.I. Houghton, Office of Gen. Counsel, Dept. of Health and Human Services, Washington, DC, for defendant.

## MEMORANDUM

LEGG, District Judge.

This action for damages, injunctive relief, attorneys fees and costs arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; and the Fifth Amendment to the Constitution of the United States.

In Count I of his Amended Complaint, plaintiff alleges that defendant unlawfully discriminated against him on the basis of his age. In Count II plaintiff alleges that defendant unlawfully discriminated against him on the basis of his gender. In Count III plaintiff alleges that defendant violated his constitutional rights by implementing an unconstitutional Affirmative Employment Program. In Count IV plaintiff alleges that defendant retaliated against him for filing a charge of discrimination by refusing to enter into "meaningful dispute resolution and/or negotiations with him."

Pending before the Court are several motions. The first three relate to discovery. First is plaintiff's motion for a meeting in chambers for an in camera review of documents and interrogatory information requested by him. For the reasons discussed below the Court will DENY this motion. Second is plaintiff's motion to file additional interrogatories and requests for the production of documents. For the reasons discussed below, the Court will DENY this motion. Third is defendant's motion to strike plaintiff's additional interrogatories and requests for the production of documents. For the reasons discussed below the Court will GRANT this motion. The fourth pending motion is defendant's motion for summary judgment. For the reasons discussed below, the Court will GRANT this motion. The fifth, and final, pending motion is plaintiff's motion for summary judgment declaring defendant's Affirmative Employment Plan illegal. For the reasons discussed below, the Court will DENY this motion.

## I. FACTS

On November 13, 1989, the Department of Health and Human Services announced the opening of a position for a Labor Relations Director in the Social Security Administration. Gerald J. Rachelson applied for this position shortly thereafter. On December 21, 1989, Mr. Rachelson was chosen as one of thirty-nine (39) applicants eligible for the position. On January 23, 1990, he was chosen as one of the sixteen (16) "best qualified" candidates, and referred to a panel for an interview. It is not contested by the government that Mr. Rachelson possessed the requisite qualifications for the position.

Mr. Rachelson, then age 52, was interviewed for the position by Mr. Michael W. Grochowski, Social Security's Assistant Commissioner for Human Resources, and Mr. William E. Rogers, the Social Security Administration's Ombudsman. Mr. Grochowski is a white male. In 1991, he was 42 years old. Mr. Rogers is a black male. In 1991 he was 60 years old. Based on this interview, Mr. Rachelson was not included on the list of eight persons from which a final selection was made. In sworn affidavits, Mr. Grochowski and Mr. Rogers recall their reasons for not recommending Mr. Rachelson.[1] The common theme in their reasons for not recommending plaintiff is their concern that Mr. Rachelson was abrasive, quite impressed with himself, and gave the impression that he would "blow the unions out of the water." They also assert that the candidate they were looking for would be a "healer," someone who would bring better relations about with the unions.[2] Further, Mr. Rachelson knew other candidates who were being interviewed, and proceeded to speak negatively about the abilities of several of them.

Based on the interview process, eight finalists were chosen. They included five white males (dates of birth: 11–29–30, 2–25–33, 7–14–35, 8–31–44 and 3–23–45); two white females (dates of birth: 12–21–46 and 7–4–50); and one black male (date of birth: 4–5–51).

Ultimately, Ms. Paulette Weinrich, a white female of forty years of age, was selected for the position. She is Jewish. Ms. Weinrich, by 1990, had seventeen years experience in the area of labor relations. She was also the recipient of numerous awards and commendations over those years.[3]

Consequently, Mr. Rachelson filed a complaint of employment discrimination with the Department of Health and Human Services on the basis of his age, race, sex and religion. The Department of Health and Human Services determined, and communicated to Mr.

Rachelson in a letter dated December 6, 1991, that Mr. Rachelson had not been discriminated against. On December 30, 1991, he filed the instant action in this Court.

## II. DISCUSSION

### A. COUNT III DISMISSED SUA SPONTE

 Count III of plaintiff's Amended Complaint alleges that defendant injured the plaintiff by designing and implementing an unconstitutional affirmative employment plan. The Court, for the reasons which follow, finds that it does not have jurisdiction over the subject matter of this complaint, and therefore will DISMISS Count III of plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(h)(3).

The Court finds that plaintiff's claim for relief is not justiciable under Article III because the plaintiff lacks standing to assert the claim. The Supreme Court has articulated three elements of standing: injury, causation and redressability. "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (citations omitted). The court does not believe that each of these elements have been satisfied.

 In order to satisfy the first element, the plaintiff must have suffered a "distinct and palpable injury," *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975), one that is "'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of*

---

1. Affidavits of Michael W. Grochowski and William E. Rogers are appended to defendant's motion for summary judgment as Exhibits 7 and 8.

2. While Mr. Rogers does not remember plaintiff specifically, both men are agreed on the type of candidate they were looking for. Mr. Grochowski remembers plaintiff's interview with some

detail and clearly articulates his reasons for not recommending him.

3. Ms. Weinrich's SF–171 (Standard Application for Federal Employment) is appended to defendant's motion for summary judgment as exhibit 10.

*Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (citations omitted). Denial of an equal opportunity for consideration for a benefit or privilege can give rise to an injury conferring standing. *Regents of Univ. of Cal. v. Bakke,* 438 U.S. 265, 280–81 n. 14, 98 S.Ct. 2733, 2742–43 n. 14, 57 L.Ed.2d 750 (1978).

However, in the instant case, this element has not been satisfied. Plaintiff alleges in his Amended Complaint that he has been injured by defendant's Affirmative Employment Plan in that it exceeds the constitutionally permissible scope of such plans in granting "racial or other minority preference." [4] He further alleges that the Plan infringes the rights of non-minority persons.[5]

The Court fails to see how an affirmative action plan which, by plaintiff's own words, benefits racial and minority groups, injured him when he was not put on a final selection list that included, among eight persons, seven persons of plaintiff's own race, and when the final selectee is also a member of plaintiff's own race, and is, in fact, even a member of the plaintiff's own religious/ethnic background, which is Jewish. The Court finds that plaintiff has failed to show how he was injured by defendant's Affirmative Employment Plan when his sole complaint is not being hired for a particular position when the position was filled by a member of his own race, and not by a member of one of the protected racial or minority groups which he alleges to be the beneficiaries of the Plan. Because the plaintiff has failed to show an injury with respect to this claim, the Court finds it is not justiciable under Article III, and Count III of the plaintiff's Amended Complaint will be DISMISSED pursuant to Fed.R.Civ.P. 12(h)(3). On this same basis, plaintiff's motion for summary judgment with respect to the illegality of defendant's Affirmative Employment Plan will be DENIED.

**B.** *Pending Discovery Motions*

■ Pending are three motions relating to discovery. The first is plaintiff's motion for a meeting in chambers for in camera review of documents and interrogatory information that the plaintiff has requested. The plaintiff claims his need for additional information stems from information previously provided to him and related to his claim that the Social Security Administration Affirmative Employment Plan is unconstitutional.[6] He further claims that an in chambers meeting would allow him to "pursue the issue as to the extent and role to which the coercive SSA Affirmative [sic] influenced the interviewing and selection process" for the position for which plaintiff applied.[7]

The Court finds that its dismissal of Count III of plaintiff's Amended Complaint renders the issues raised in this discovery motion moot. Since the Court has determined that it lacks jurisdiction over plaintiff's claim with respect to the unconstitutionality of defendant's Affirmative Employment Plan, it follows that a motion for discovery to further explore this claim should not be granted. Accordingly, the plaintiff's motion for an in chambers meeting will be DENIED.

The second pending discovery motion is plaintiff's motion to file additional interrogatories and requests for the production of additional documents. Plaintiff's basis for this motion is essentially that he feels he is entitled to explore whether the Social Security Administration's Affirmative Employment Plan is in conformity with various Supreme Court decisions on this subject.[8] For the reasons previously given, plaintiff does not have standing to challenge the constitutionality of this Plan, and consequently is not entitled to discovery on whether the Plan is in conformity with the law. Therefore, plaintiff's motion to file additional interrogatories and requests for additional document production will be DENIED.

---

**4.** *See* plaintiff's motion for a meeting in chambers for in camera review of interrogatories and production of document request, p. 4.

**5.** *See* plaintiff's motion to file additional interrogatories, p. 3.

**6.** *See* plaintiff's motion for meeting in chambers for in camera review of interrogatories and requests for production of documents, p. 2.

**7.** *See* motion referenced in footnote 5, p. 5.

**8.** *See* plaintiff's renewal of motion to file additional interrogatories, p. 3.

The third pending discovery motion is defendant's motion to strike plaintiff's Second Set of Interrogatories and Second Request for Production of Documents. The Court agrees with the defendant that the second discovery requests are indeed excessive, and violate the spirit, if not the letter of the local rules of this district limiting such requests to no more than thirty for both interrogatories and the production of documents.[9] The Court will, on this basis, GRANT the defendant's motion to strike. The Court also finds that plaintiff's second interrogatory and document requests focus almost entirely on Count III of plaintiff's Amended complaint, and plaintiff supports his motion for such additional discovery on the basis of further exploring the issues he raises in this Count. The Court finds that this would be an additional reason to grant the motion to strike, as the Court has dismissed Count III of the Amended Complaint, to which these questions relate.

### C. Defendant's Motion for Summary Judgment

#### 1. Standards for Summary Judgment

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if the moving party can show that "there is no genuine issue of material fact" and that he is "entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In this case, the defendant, as the moving party, bears the initial burden of proof, and the Court must determine whether, viewing the evidence in the light most favorable to the plaintiff, "a fair-minded jury could return a verdict for the [plaintiff]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). If the movant makes this preliminary showing, the burden shifts to the opposing party to delineate, with supporting admissible evidence, an issue of ma-

terial fact. A "mere scintilla of evidence in support of the plaintiff's position" shall not suffice. Anderson, 477 U.S. at 252, 106 S.Ct. at 2512.

#### 2. Claim of Age Discrimination

The ADEA prohibits discrimination in employment against persons between 40 and 70 years of age.[10] Plaintiff's complaint alleges disparate treatment in hiring on the basis of his age. To prove his claim, plaintiff can show that "but for" the Department's discriminatory intent, he would have been hired. Goldberg v. B. Green & Co., 836 F.2d 845 (4th Cir.1988). Plaintiff can meet this burden through direct and/or circumstantial evidence sufficient to create an issue of material fact regarding the Department's intent. Id. at 848. In the alternative, plaintiff can proceed under the proof scheme set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), as he has elected to do in the instant case.[11]

Under the McDonnell Douglas scheme, plaintiff can make out a prima facie case of age discrimination by proving, by a preponderance of the evidence, that: (i) he is a member of the protected age class; (ii) he applied for and was qualified for the position advertised; (iii) he was not hired for the position; and (iv) someone else was hired. The Court finds that plaintiff has met this burden by introducing uncontroverted evidence that (i) he was 52 years old in 1990; (ii) in November, 1989 he applied for the position of Director, Labor and Employee Relations Division, Social Security Administration, and was qualified for the job; (iii) he was not hired; and (iv) another individual was hired.

Once the plaintiff makes a prima facie case of age discrimination, the burden shifts to the defendant to "articulate some legitimate, non-discriminatory reason for the ... rejection." McDonnell Douglas, 411

---

9. Local Rule 104(1) (D.Md.1992).

10. The ADEA provides, in relevant part, that "[i]t shall be unlawful for an employer ... to fail or refuse to hire ... an individual or otherwise discriminate against any individual ... because of such individual's age ..." 29 U.S.C. § 623(a) (1979).

11. The McDonnell proof scheme has been adopted for application in ADEA cases. See, e.g., Goldberg v. B. Green and Company, Inc., 836 F.2d 845, 847 (4th Cir.1988); Fink v. Western Electric Co., 708 F.2d 909 (4th Cir.1983).

U.S. at 802, 93 S.Ct. at 1824. The Court finds that the Department has met this burden by explaining that plaintiff was not hired because he did not perform well enough in his interview for the position to be placed on the final list from which a candidate would be chosen.

In support of this contention, and to contradict plaintiff's claim of unlawful discrimination on the basis of age, the Department has introduced evidence that plaintiff's interview was conducted by two men, ages forty-two (42) and sixty (60) at the time of the interview in 1991. The list of eight finalists assembled by these two interviewers included three men who were older than the plaintiff himself. Additionally, the Department has provided sworn affidavits by both interviewers, as well as one's contemporaneous interview notes, stating the reasons why they did not recommend that plaintiff make the list of finalists for the vacant position.[12]

Interviewer Grochowski remembers that plaintiff, during his interview, was rambling and not focused.[13] He expressed his views why plaintiff would not be a good person to negotiate with the unions, a key aspect of this job, because he seemed "ready to blow the unions out of the water" at a time when a healer was needed. Additionally, he recalled that plaintiff made detrimental statements about other candidates for the final list from which a selection would be made.

Interviewer Rogers remembers only that plaintiff was "very impressed with his own credentials." His affidavit goes on to say that he neither knew plaintiff's age, nor did he consider it, and that he made recommendations solely on the qualifications he deemed important to filling this job.

■ After the plaintiff establishes his *prima facie* case, if the defendant is able to articulate and produce some evidence of a legitimate non-discriminatory reason for not hiring the plaintiff, the burden shifts back to the plaintiff to show that age was the more likely reason for the rejection, or that the employer's explanation is pretextual and "unworthy of credence." *Tuck v. Henkel Corp.*, 973 F.2d 371 (4th Cir.1992). This burden merges with the plaintiff's ultimate burden of persuasion. In order to withstand a motion for summary judgment, the plaintiff must introduce evidence raising a genuine issue of whether age was a "determining factor" in the employer's decision. *Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1417 (4th Cir.1991).

■ In his Memorandum in Opposition, plaintiff argues that the Department's motion to dismiss should be denied because there is, in his view, a factual dispute as to what happened in the interview, and the finder of fact should be allowed to sift through the evidence to determine if the government has proven that its reason for not hiring plaintiff was not based on his age. This is simply not an accurate statement of the law. Indeed, this would place too great a burden on the defendant. It is clear that *McDonnell Douglas* leaves the burden of persuasion *at all times* with the plaintiff. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1011 (1st Cir.1979). The employer's only burden is to "articulate" a legitimate, nondiscriminatory reason for not hiring the plaintiff. *Id.* Once this explanation is given, plaintiff then must show that it was not the real reason for his rejection, but rather a pretext for discrimination. *Id.* 600 F.2d at 1014. The ultimate question is not whether the defendant's decision not to hire the plaintiff reflected an objective factfinder's judgment of plaintiff's abilities, but whether it was unlawfully motivated. *Id.* The inference of discrimination created by the *prima facie* case is dispelled once the employer's reason is stated, until and unless the latter is shown to be a pretext. *Id.*

Plaintiff offers no evidence to show that defendant's articulated reasons for not hiring him are a pretext for age discrimination. Indeed, viewing all the facts in the light most favorable to the plaintiff, there is virtually no evidence, or inferences that can be drawn from the evidence, that the defendant's decision not to hire the plaintiff was in any way

---

12. The affidavits of Mr. Grochowski and Mr. Rogers, who interviewed the plaintiff, are appended to defendant's motion for summary judgment as exhibits 7 and 8.

13. Mr. Grochowski's interview notes are appended to defendant's motion for summary judgment as Exhibit 9.

based on his age. The plaintiff advanced through two levels of the selection process when, presumably, his age would have been available to those reviewing his credentials by virtue of it being included on his SF–171 Form.[14] Negative commentary concerning his viability as a candidate did not surface until his personal interview. One of his two interviewers was older than the plaintiff. The Court finds that the reasons the interviewers gave for not recommending plaintiff meet the burden of being "articulated" and "legitimate." Plaintiff can point to no evidence that his age was considered in the decision not to recommend him for the list of finalists. Finally, the list of finalists included eight people, three of whom were men older than the plaintiff.

In summary, this Court finds that plaintiff has failed to rebut the substantial evidence offered by the Department in support of its contention that age was not a factor in its decision not to hire him. Moreover, plaintiff has failed to introduce any evidence that the Department's articulated non-discriminatory reasons for choosing not to hire him were pretextual. Accordingly, this Court finds that plaintiff has failed to meet his burden of showing that there are genuine issues of material fact in dispute. The Department, therefore, is entitled to judgment it its favor as a matter of law. As a result, the defendant's motion for summary judgment with respect to plaintiff's claim of age discrimination in violation of the Age Discrimination in Employment Act will be GRANTED.

### 3. Claim of Gender Discrimination

■ Title VII of the Civil Rights Act forbids discrimination in employment decisions on the basis of gender. *Smith v. University of North Carolina,* 632 F.2d 316 (4th Cir.1980). Plaintiff alleges that the defendant discriminated against him on the basis of his gender when it hired a woman for a position for which he also applied. Plaintiff alleges that the woman hired is less qualified for the job than he. Plaintiff offers no evidence to support his contention of discrimina-

tion other than the fact that he was not chosen for this position and a woman was.

The facts show the following. Both interviewers who recommended that plaintiff not be included on the list of finalists were males. Included on the list of finalists for the position were six males and two females. Plaintiff was not on the list of finalists. The woman ultimately selected for the position has extensive experience in labor relations over the past seventeen years, and is undoubtedly qualified for the position. Plaintiff's sole evidence of discrimination is his subjective belief that all of the men on the list of finalists were included merely as "window dressing." Even viewing all of the evidence in the light most favorable to the plaintiff, there is no evidence from which a reasonable jury could draw a conclusion that plaintiff was discriminated against on the basis of his gender. Consequently, the defendant is entitled to judgment in its favor as a matter of law. As a result, the Department's motion for summary judgment with respect to plaintiff's claim of sex discrimination in violation of Title VII of the Civil Rights Act will be GRANTED.

The plaintiff erroneously asserts that the burden of proof with respect to plaintiff's claim of gender discrimination rests with the defendant. He cites *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1972), in support of this proposition. Plaintiff misstates the law of this case. His citation to this case in inappropriate because he fails to even establish a *prima facie* case of discrimination. The first requirement for a *prima facie* case of discrimination under Title VII is that the plaintiff belong to a disadvantaged class or to a racial or religious minority. *Smith v. University of North Carolina,* 632 F.2d 316, 340 (4th Cir.1980). Plaintiff alleges that he fits this criteria as a white male. The court does not so find, and accordingly plaintiff has neither made out a *prima facie* case of discrimination nor has he produced any facts from which an inference can be drawn that he was

---

**14.** Plaintiff's date of birth is clearly marked on the first page of the SF–171 he submitted as part of his application for the position in question.

discriminated against on the basis of his gender.

#### 4. *Claim of Failure to Negotiate*

Plaintiff asserts a cause of action against the defendant for failing to enter into meaningful settlement negotiations with him or to engage in alternative dispute resolution. The Court agrees with the defendant that to allow plaintiff to proceed with this issue at trial would violate Rule 408 of the Federal Rules of Evidence. It is settled law that evidence of unaccepted offers of compromise or negotiations looking to compromise is inadmissible. *Southern Railway Co. v. Madden,* 235 F.2d 198, 201 (4th Cir.1956), *cert. denied,* 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244 (1956). The Court finds unconvincing plaintiff's argument that what he wishes to show is not the substance of settlement negotiations, but that defendant refused to engage in them at all. This Court finds that plaintiff violated no duty in refusing to attempt to negotiate a settlement to this dispute, and that the defendant is entitled to judgment on this claim as a matter of law. Therefore, defendant's motion for summary judgment with respect to plaintiff claim for failure to negotiate or settle will be GRANTED.

### III. *SUMMARY*

For the reasons given in this Memorandum, the Court will, by separate order, DISMISS, sua sponte, Count III of the plaintiff's Amended Complaint. The Court will, by separate order, DENY plaintiff's motion for summary judgment with respect to the legality of defendant's Affirmative Employment Plan.

The Court will, by separate order, DENY plaintiff's motion for an in chambers meeting to review interrogatories and document requests. The Court will, by separate order, DENY plaintiff's motion to file additional interrogatories and document requests. The Court will, by separate order, GRANT defendant's motion to strike plaintiff's second set of interrogatories and document requests.

The Court will, by separate order, GRANT defendant's motion for summary judgment with respect to the remaining counts of plaintiff's complaint, namely, those alleging discrimination on the basis of age and gender, and asserting a claim for failure to negotiate or settle this claim.